UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STACEY HARVEY, | ) |
| Movant, | ) |
| vs. | ) Case No. 4:09CV1228 JCH |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Movant Stacey Harvey's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion," ECF No. 1), filed on August 3, 2009, and Movant's Motion to Amend Pursuant to Federal Rules of Civil Procedure § 15(a)(1)(A) ("Motion to Amend," ECF No. 3), filed on August 28, 2009.

## BACKGROUND

On December 13, 2007, Movant Stacey Harvey ("Movant" or "Defendant") was charged in a six-count indictment with conspiracy to knowingly and intentionally distribute and possess with the intent to distribute cocaine and cocaine base ("crack" cocaine), both Schedule II controlled substances, in violation of Title 21, United States Code, Section 841(a)(1). (Indictment (4:07CR759 JCH, ECF No. 1)). On May 23, 2008, Movant pled guilty to that offense pursuant to a Plea Agreement, Guidelines Recommendations, and Stipulations ("Plea Agreement"). (Change of Plea Proceeding (4:07CR759 JCH, ECF No. 75)).

The Plea Agreement noted that the quantity of cocaine for which Movant was responsible, including his relevant conduct, resulted in a Base Offense Level of 30. (Plea Agreement (4:07CR 759 JCH, ECF No. 76), pp. 6-7). The Plea Agreement also noted that, by virtue of Movant's known criminal history, he was likely to qualify as a "career offender" under § 4B1.1 of the Sentencing

Guidelines, resulting in a Base Offense Level of 34 by operation of § 4B1.1(b)(B). (Id., p. 7). However, the Plea Agreement recommended a two-level deduction under § 3E1.1(a) for acceptance of responsibility and an additional one-level deduction under § 3E1.1(b) because Movant "timely notified authorities of the intention to enter a plea of guilty." (Id., pp. 7-8). Accordingly, the Plea Agreement recommended a Total Offense Level of 31. (Id.). The Plea Agreement noted, however, that "[i]f...defendant Harvey does not qualify as a 'career offender,' his Total Offense Level would be 27." (Id., p. 8). The Plea Agreement also stated that "[t]he determination of the defendant's Criminal History Category shall be left to the Court after it reviews the Presentence Report....Both parties retain their right to challenge, before sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category." (Id.). Pursuant to the Plea Agreement, Movant waived his post-conviction rights, including both his appeal rights and his habeas corpus rights. (Plea Agreement (4:07CR759 JCH, ECF No. 76), pp. 3-4). Movant filed his acceptance to the Presentence Investigation Report on July 9, 2008. (See Acceptance to Presentence Investigation Report (4:07CR759 JCH, ECF No. 96)).

On August 1, 2008, Movant was sentenced to 188 months imprisonment, followed by a four-year term of supervised release. (Judgment (4:07CR759 JCH, ECF No. 122)). The Court found a Total Offense Level of 31, with a Criminal History Category of Category 6. (Sentencing Proceeding (4:07CR759 JCH, ECF No. 116), p. 2). Movant did not appeal his conviction or sentence.

On August 3, 2009, Movant filed his § 2255 Motion. In this document, Movant raised the following two claims for relief:

(1) That Movant received ineffective assistance of counsel, in that his plea counsel failed to challenge or object to the state convictions used to classify Movant as a career offender and failed to challenge the criminal history points used to determine Movant's Criminal History Category; and

(2) That Movant received ineffective assistance of counsel, in that his plea counsel was working under a conflict of interest.

(§ 2255 Motion, pp. 4-5, 7). On August 28, 2009, Movant filed his Motion to Amend, which sought to add the following additional claim for relief: that Movant received ineffective assistance of counsel in that his plea counsel failed to challenge and preserve issues for appellate review and file an appeal as requested by Movant. (Motion to Amend, p. 1). On January 24, 2011, Movant filed a Motion for Leave to Supplement Pending 28 U.S.C. § 2255 Motion ("Motion to Supplement"), which sought to add the following additional claim for relief: that Movant received ineffective assistance of counsel in that his plea counsel failed to object to the use of Movant's prior state convictions under a recent Supreme Court decision invalidating the use of such convictions to determine career offender status. (Motion to Supplement, ECF No. 14, p. 2). The Court granted Movant's Motion to Supplement but, as indicated above, has not yet ruled on Movant's § 2255 Motion or Motion to Amend. (See ECF No. 15).

### STANDARDS GOVERNING MOTIONS UNDER 28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack...." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, can be raised "on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" Reed v. Farley, 512 U.S. 339, 354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994) (citations omitted).[1]

---

[1] "[A]t least where mere statutory violations are at issue, '§ 2255 was intended to mirror § 2254 in operative effect.'" Reed, 512 U.S. at 353 (quoting Davis v. United States, 417 U.S. 333, 344 (1974)).

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle him to relief.'" Payne v. United States, 78 F.3d 343, 347 (8th Cir. 1996) (quoting Wade v. Armontrout, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "'without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" Shaw, 24 F.3d at 1043 (citation omitted).

## DISCUSSION

**I.     Motion to Amend**

In his Motion to Amend, Movant attempts to add a new claim of ineffective assistance of counsel for failure to file a notice of appeal. An attorney's failure to file a notice of appeal despite a defendant's instructions to do so constitutes ineffective assistance "because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision...." Roe v. Flores–Ortega, 528 U.S. 470, 477, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000).

A petition for habeas corpus filed pursuant to 28 U.S.C. § 2255 has a one-year statute of limitations. 28 U.S.C. § 2255. Specifically, § 2255 provides as follows:

> The limitation period shall run from the latest of ... (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action ... or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Here, Movant's Motion to Amend seeks to add a new count for counsel's alleged failure to appeal his sentence. The judgment of conviction in Movant's case was entered on August 1, 2008.

(See Judgment, ECF No. 122). The statute of limitations for purposes of seeking habeas review of counsel's failure to file an appeal of Movant's sentence began to run, at the latest, when counsel failed to file a timely appeal of the sentence entered on August 1, 2008. Rule 4 of the Federal Rules of Appellate Procedure requires that an appeal be filed within 10 days of the entry of judgment. Counsel's failure to file the appeal by August 11, 2008, began the running of the one-year statute of limitations.

Movant should have filed his Motion to Amend with his claim that counsel failed to file a timely appeal by August 11, 2009. Since Movant did not file his Motion to Amend until August 28, 2009, the statute of limitations has expired on Movant's claim. Because the one-year statute of limitations for his Motion has expired, Petitioner may not amend the Motion to include his counsel's failure to appeal as a new claim for relief. See, e.g., United States v. Thomas, 221 F.3d 430, 436 (3d Cir. 2000) ("[A] party cannot amend a § 2255 petition to add a completely new claim after the statute of limitations has expired."). Nor would any such claim "relate back" to any claims in Movant's current § 2255 Motion--which all relate to his counsel's conduct prior to sentencing and during the sentencing proceedings--because any new claim of post-sentencing ineffective assistance is not "tied to a common core of operative facts." Mayle v. Felix, 545 U.S. 644, 664, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005). Thus, Movant's Motion to Amend is denied.

**II.    § 2255 Motion**

As stated above, in his § 2255 Motion and Motion to Supplement, Movant maintains he received ineffective assistance of counsel in that counsel (1) failed to challenge or object to the state convictions used to classify Movant as a career offender and failed to challenge the criminal history points used to determine Movant's Criminal History Category, (2) was working under a conflict of interest, and (3) failed to object to the use of Movant's prior state convictions under a recent Supreme

Court decision invalidating the use of such convictions to determine career offender status. (§ 2255 Motion, pp. 4,7; Motion to Supplement, p. 3).[2]

In order to prevail on a claim of ineffective assistance of counsel, Movant must show that his attorney's performance was "deficient" and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Movant must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Movant satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 691. Movant must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In the context of a guilty plea, to demonstrate prejudice the Movant must show that, but for counsel's error, he would not have pled guilty but would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

### A. Ground 1

In Ground 1 of his § 2255 Motion, Movant maintains he was denied effective assistance of counsel in violation of the Sixth Amendment in that counsel failed to challenge or object to the state

---

[2] Although Movant did not raise his claims of ineffective assistance of counsel on a direct appeal, they are not subject to procedural default, as they could not have been raised on direct appeal. See United States v. Jones, 121 F.3d 369, 370 (8th Cir. 1997) (internal quotations and citation omitted) ("An ineffective assistance of trial counsel claim is usually not cognizable on direct appeal because facts outside the record generally need to be developed to resolve the claim.").

convictions used to classify Movant as a career offender and failed to challenge the criminal history points used to determine Movant's Criminal History Category. (§ 2255 Motion, pp. 4-6). Specifically, Movant alleges as follows:

> Petitioner contends that the two state prior convictions used in classifying petitioner as a career offender, were invalid as a matter of law. [See, PSR ¶¶68 (Delivery of cannabis) and 72 (Unlawful delivery of cannabis). The Illinois statute, which is an issue in the instant cause, criminalizes the actual, constructive or **attempted transfer** of possession of cannabis. None of the listed activities are covered by the Controlled Substance Offenses' definition, which covers **only** the manufacture, import, export, distribution, or dispensing of a controlled substance offense (or possession with intent to do any of these things). Id. Clearly, this court erred in classifying petitioner as a career offender because the basis for petitioner's underlying prior convictions was for conduct that is outside the narrow definition of a controlled substance offense.
>
> Counsel also failed to challenge, or object to the judicial fact-findings by the court, where petitioner accumulated an additional five Criminal History Points ("CHP"). [See, PSR ¶¶62, 85 and 86]. In ¶¶62 and 65, petitioner received two CHP's (1 each) pursuant to U.S.S.G. § 4A1.1(c). As the PSR reflects, petitioner was not, with respect to either of the prior convictions in issue, sentenced to a term of imprisonment but, rather, was merely fined in both cases. In accordance with Application Note 4 of the U.S.S.G. § 4B1.2, where a fine was imposed the court should have treated the offenses as a non-imprisonment sentence. Clearly, finding otherwise was erroneous.
>
> And finally, in ¶¶85 and 86, petitioner was assessed an additional three points pursuant to U.S.S.G. § 4A1.1(d), 2 points ¶85, and § 4A.1(e), 1 point ¶86. Petitioner did not admit to any of these judicial fact-findings. For example, and evidenced by the written plea agreement, there was a provision that provided that: "...[B]oth parties retain their rights to challenge, **before sentencing, the findings of the PSR as to the defendant's criminal history and the applicable category**. [See, Dkt. No. 76, Written plea agreement, pg. 8 ¶¶ E and F].
>
> Counsel had two opportunities to challenge the use of the invalid state prior convictions as well as the judicial fact-findings when the PSR was issued, and at sentencing. The only documents counsel filed was a statement accepting the PSR, [See, Dkt. Nos. 92 and 96], and a bogus sentencing memorandum that basically doomed the petitioner because said motion did not offer anything in mitigation or in support of a favorable, advisory, "below the guidelines sentence. [See, Dkt. No. 103]. Counsel's failure to challenge and/or object to the invalid state prior convictions used to classify petitioner as a career offender, where the prior convictions are facially insufficient to satisfy the definition of a controlled substance offense under U.S.S.G. § 4B1.2, in conjunction with challenging the use of the judicial fact-findings,

constitutes deficient performance and prejudice is clear resulting from the failure to challenge and/or object to the career offender classification.

With regards to petitioner, the applicable guideline established a range of sentences between 188-235 months, (after a 3-level reduction for acceptance of responsibility ("AOR"), as a career offender. Had petitioner not been classified as a career offender, he would have been assigned a criminal score of IV, and the applicable range of sentences would have been 100-125 months, (after AOR). Under this reasoning the significant increase in the range of sentences that petitioner could have received constitutes prejudice. As such, counsel's constitutionally deficient performance resulted in petitioner's improper classification as a career offender and when that improper classification results in a significantly greater sentence, the prejudice element is thus satisfied.

Had counsel conducted <u>any</u> investigation into the laws and paid attention to the facts associated in petitioner's case, she would have discovered that the two invalid State of Illinois prior convictions was a dead-bang winner because delivery of unlawful delivery [sic] of cannabis both encompassess [sic] an attempted transfer, under the State of Illinois' statutory definition, and an attempted transfer <u>is</u> <u>not</u> one of the acts included within the controlled substance offense definition. Counsel did not make <u>any</u> efforts to argue this meritorious issue before this court. Counsel also did not make an argument before this court concerning the judicial fact-findings, whereas petitioner had accumulated <u>both</u> criminal and offense level points. Counsel completely abandoned petitioner.

Wherefore, counsel's failure to raise these strong issues before the court undoubtedly fell below an objective standard of reasonableness, and a reasonable probability exist [sic] that but for counsel's unprofessional errors, the results of the proceedings would have been different because petitioner would have received a sentence significantly less than the sentence petitioner received.

(§ 2255 Motion, pp. 4-6) (footnote omitted).

Upon consideration, the Court finds that Movant's first ground for relief fails both prongs of the <u>Strickland</u> test. With respect to the deficiency prong, as noted above, under <u>Strickland</u> counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." <u>Strickland</u>, 466 U.S. at 690. In this case, the Government offers by way of response to Movant's claim an Affidavit from Movant's trial counsel, Ms. Andrea Smith, in which Ms. Smith testifies in relevant part as follows:

1) I was the attorney appointed by the federal court to represent Mr. Harvey in the above-styled cause. I was sent a copy of the 2255 habeas petition Mr. Harvey filed with this Court and was asked by the government to respond thereto.

2) Mr. Harvey alleges that I provided ineffective assistance of counsel in that his two prior state convictions used as predicates for his Career Offender status were invalid as a matter of law and that I failed to challenge them.

First, Mr. Harvey was enhanced to a Career Offender based on two Illinois state convictions for delivery of cannabis and one federal conviction for possession with intent, one more conviction more than necessary for the Career Offender status. *See* PSI #33; USSG §4B1.1.

Second, there is no indication in the 2255 why the two state convictions are "invalid." The 2255 indicates that since the Illinois statute pursuant to which Mr. Harvey was convicted includes the "attempted transfer" of controlled substances and the Guideline definition of a "controlled substance offense" does not mention attempts, Mr. Harvey's state conviction could not be used to classify him as a Career Offender. However, Mr. Harvey was not convicted of attempt [sic] delivery under Illinois law and even if he was the Guidelines provide that a "controlled substance offense" for purposes of the Career Offender provision of the Guidelines include inchoate offenses such as an attempt. *See* Application Note #1, USSG §4B1.2.

3) Mr. Harvey alleges that I provided ineffective assistance in that I failed to challenge an additional five criminal history points. Since a Career Offender is always in a Criminal History Category VI, it makes no difference whether I did or not, although Mr. Harvey is wrong in saying that the Guidelines do not assess criminal history points for the crimes and reasons he lists in his 2255.

4) Mr. Harvey alleges that I failed to challenge an additional three points for being on supervised release and for it being less than two years since his release from prison for a qualifying conviction. Again, it makes no difference since Mr. Harvey was always going to be in a CHC VI, but in any event he is wrong in alleging these three points were incorrectly added under the advisory Guidelines.

5) Mr. Harvey indicates that I provided ineffective assistance in that I failed to file both objections to the PSI and a more assertive sentencing memorandum. Neither Mr. Harvey nor I had any objections to the PSI at the time and the Plea Agreement locked Mr. Harvey into asking for no less than the low end of the Guideline sentencing range. I argued all the mitigating factors available in my Sentencing Memorandum. As the attached Justification Statement for Seeking Above the Statutory Maximum compensation outlines, the Plea Agreement was the best counsel and Mr. Harvey could do in the circumstances. With his three prior qualifying priors, if Mr. Harvey had gone to trial and been convicted and the Government had filed the 851 enhancement, he would have been facing mandatory life. Simply pleading guilty to the charge and not entering into any plea agreement,

which would have allowed me to argue for less than the low end, would have left Mr. Harvey with an advisory sentencing range of 262-327 months. With the Plea Agreement and no little work by counsel, Mr. Harvey's advisory range was 188-235 and his 24 month supervised release revocation sentence was ordered to run concurrently. Mr. Harvey's ultimate sentence of 188 months was the best counsel could obtain from the government and this Court. These unfortunate legal possibilities were explained ad nauseam to Mr. Harvey in person and in letters to him. Mr. Harvey made his choice and signed the Plea Agreement, which bound us to not ask for less than the low end.

(Government's Response, Ex. A, ECF No. 6-2).

Movant responds by reiterating his arguments that his two prior state convictions for "delivery of cannabis" and "unlawful delivery of cannabis" do not constitute Controlled Substance Offenses (CSOs) under the United States Sentencing Guidelines ("Sentencing Guidelines") and that the Government incorrectly asserts the elimination of these prior state convictions would not have resulted in Movant's reclassification. (Traverse, pp. 3-9). Movant does not substantively dispute the other assertions in Ms. Smith's affidavit with regards to the assessment of Movant's Criminal History Category.

Movant's argument that his two prior state convictions for "delivery of cannabis" and "unlawful delivery of cannabis" do not constitute CSOs is based on the fact that the words "deliver" or "delivery" do not appear in the definition of a Controlled Substance Offense.[3] Movant notes that the definition of CSO includes the "distribution" or "dispensing" of a controlled substance.

---

[3]The Sentencing Guidelines in effect at the time of Movant's sentencing define "controlled substance offense" as follows: "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S. SENTENCING GUIDELINES MANUAL § 4B1.2(b) (2007). "Controlled substance offense" includes the offenses of aiding and abetting, conspiring, and attempting to commit such offenses. Id. § 4B1.2 cmt. 1. Comment 1 to § 4B1.2 notes other examples of a CSO, including unlawfully possessing a listed chemical with intent to manufacture a controlled substance, unlawfully possessing prohibited equipment with intent to manufacture a controlled substance, and maintaining any place for the purpose of facilitating a drug offense. See id.

Webster's Third New International Dictionary defines "distribute," in relevant part, as "to give out or deliver esp. to the members of a group." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 660 (1986). Thus, the Court finds the act of "delivery" is encompassed by the term "distribution" in the definition of a CSO. Furthermore, the Court notes that the Comments to **§** 4B1.2, which contain numerous other examples of a CSO, suggest that the definition of a CSO was designed to be read expansively.

Under these circumstances, the Court finds Movant's trial counsel's actions fell within the "wide range of professionally competent assistance" sanctioned by Strickland. Counsel cannot be deemed ineffective for failing to make a meritless objection. Scarberry v. Iowa, 430 F.3d 956, 959 (8th Cir. 2005); Rodriguez v. United States, 17 F.3d 225, 226 (8th Cir. 1994) (per curiam). Thus, Movant's counsel's performance was not constitutionally deficient.

Additionally, even if Movant's counsel had made the meritless objections requested, Movant has not shown that the result of the proceeding would have been different. In other words, Movant fails to establish that absent his counsel's alleged error, he would have insisted on proceeding to trial. Movant asserts he would have received a "significantly less" sentence than the sentence he received, but he does not allege he would have opted to proceed to trial. Furthermore, during the guilty plea proceeding the Court questioned Movant extensively regarding his decision to plead guilty:

> THE COURT: Okay. Now, Mr. Harvey, have you received a copy of the indictment or the charges against you?
>
> THE DEFENDANT: Yes, Ma'am.
>
> THE COURT: And have you had an opportunity to review and discuss those with Ms. Smith?
>
> THE DEFENDANT: Yes, Ma'am.
>
> THE COURT: Do you have any question about the charges?

| | | |
|---|---|---|
| THE DEFENDANT: | No. I mean I just want to apologize for the other day, and — | |
| THE COURT: | Oh, don't worry about that. Don't worry about that. That's quite all right. I want you to be sure that what you're doing today is something that you made up your mind to do. | |
| THE DEFENDANT: | Right. | |
| THE COURT: | So do you have any question about the charges themselves? | |
| THE DEFENDANT: | No. | |
| THE COURT: | Okay. Are you satisfied with the representation you have received from Ms. Smith in this case? | |
| THE DEFENDANT: | Yes, Ma'am. | |
| THE COURT: | And do you have any complaints whatsoever about her representation of you? | |
| THE DEFENDANT: | No, Ma'am. | |
| THE COURT: | I have received, Mr. Harvey, a document entitled "Plea Agreement, Guidelines, Recommendations and Stipulations." This is an 18-page document, and I have the original here in front of me. Do you have a copy there in front of you? | |
| THE DEFENDANT: | Yes, Ma'am. | |
| THE COURT: | Turning to Page 18, which is the last page, is that your signature, the middle signature on Page 18? | |
| THE DEFENDANT: | Yes, Ma'am. | |
| THE COURT: | And did you sign that today? | |
| THE DEFENDANT: | Yes, Ma'am. | |

...

THE COURT: Now, Mr. Harvey, have you had an opportunity to review and discuss the provisions of this document with Ms. Smith?

THE DEFENDANT: Yes, Ma'am.

THE COURT: And are you in agreement with everything contained in this document?
THE DEFENDANT: Yes, Ma'am.

| | |
|---|---|
| THE COURT: | Is there anything in this document with which you disagree? |
| THE DEFENDANT: | No, Ma'am. |
| THE COURT: | Do you have any questions about any provision of this document? |
| THE DEFENDANT: | No, Ma'am. |
| THE COURT: | Has anyone made any promises or assurances to you other than what's contained in this document in order to cause you to plead guilty today? |
| THE DEFENDANT: | No, Ma'am. |
| THE COURT: | Has anyone tried to force or coerce you into pleading guilty? |
| THE DEFENDANT: | No, Ma'am. |
| THE COURT: | Are you doing of this your own free will? |
| THE DEFENDANT: | Yes, Ma'am. |

(Change of Plea Hearing Transcript (4:07CR759 JCH, ECF No. 75), pp. 3-5). The Court further questioned Movant as to his understanding of the possible penalties associated with his plea of guilty. (Id., pp. 5-9). Ms. Wissler[4] then stated the relevant facts in Movant's case. (Id., pp. 9-14). Movant testified under oath that he agreed with everything Ms. Wissler had stated, and that he had committed the acts as described by Ms. Wissler and in the stipulation. (Id., p. 14). When asked how he intended to plead to the indictment, guilty or not guilty, Movant stated guilty. (Id., p. 14).

Based on Movant's representations during his change of plea proceeding, the Court held as follows:

| | |
|---|---|
| THE COURT: | It is the finding of the Court in the case of United States versus Harvey that the Defendant is fully competent and capable of entering an informed plea; that the Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense. The plea to |

---

[4]Sirena Wissler was the Assistant United States Attorney assigned to Movant's case.

> the lesser-included offense to Count I is, therefore, accepted and the
> Defendant is now adjudged guilty of that offense.
>
> ...

(Id., pp. 14-15).

The Eighth Circuit has held that "'[s]olemn declarations in open court carry a strong presumption of verity.'" Smith v. Lockhart, 921 F.2d 154, 157 (8th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977)). This Court thus finds that Movant's own testimony demonstrates he committed the offense at issue, voluntarily pled guilty, and received effective assistance of counsel. Movant thus fails to demonstrate the results of his proceeding would have been different absent counsel's alleged error, Strickland, 466 U.S. at 694, and Ground 1 of his § 2255 Motion must be denied.

**B.     Ground 2**

In Ground 2 of his § 2255 Motion, Movant maintains he was denied effective assistance of counsel in violation of the Sixth Amendment in that counsel was working under a conflict of interest. (§ 2255 Motion, pp. 7-10). Specifically, Movant alleges as follows:

> Petitioner further contends that he suffered ineffective assistance of counsel because of a potential conflict of interest ("COI"), and the actual COI adversely affected his counsel's performance. Petitioner also contends that his plea was induced via threats and coercin [sic] and misinformation communicated by his counsel.
>
> For example, when petitioner first alerted his counsel that he was informed by his brother, (Lamont Watson) that petitioner's court appointed [sic] counsel, (Andrea L. Smith), had also represented his [sic] (Watson) in a previous violation of supervised release hearing. Counsel, after confirming same, had an obligation to immediately bring this matter to the court's attention so that this court could have held a hearing to determine whether the potential conflict jeopardized petitioner's right to counsel. Counsel also had an obligation to cease all negotiations with the government, but instead she elected to continue to conduct business as usual as if nothing had happened. To keep this serious ethics violation from being exposed to this court, counsel threatened petitioner and told petitioner to not bring this matter to this court's attention, and if petitioner did, she would withdraw from his case and make sure that petitioner would receive a life sentence. [See, petitioner's sworn declaration attesting to the same attached hereto]. Counsel then started to lay the

foundation of her concealing this matter because she knew that had this matter been brought to the court's attention it would have required her to admit serious ethics violations and subjected her to liability for malpractice.

Petitioner would like to direct this court's attention to the records in this case. In Dkt. Nos: 47 and 48 where at the inception of her being appointed, counsel orally requested a motion to file pretrial motions. However, subsequently thereafter, upon learning of the potential COI, counsel then filed a motion waving [sic] the filing of pretrial motions. [See, Dkt. No. 61]. Prior to the hearing on these motions, counsel, once again reiterated her position by telling petitioner to keep his mouth shut and if the judge asks petitioner anything just say a simple yes or no. [See, petitioner's declaration]. At that point, counsel had an actual COI. Due to counsel's threats and coercin [sic], petitioner was very much intimidated and was afraid to bring this matter to this court's attention, and petitioner took counsel's threats very serious [sic] because petitioner did not want to get a life sentence. At petitioner's sentencing, counsel told petitioner to remember what she said to do and everything will be okay.

Petitioner contends this actual conflict adversely affected his counsel's performance and demonstrates that a plausible alternative defense strategy or tactic may have been pursued, and that the alternative defense was inherently in conflict with or not undertaken due to counsel's other loyalties or interests.

For example, counsel failure [sic] to argue for a downward departure or lower sentence or put forth _any_ argument for leniency at sentencing possessed sufficient substance to be a viable alternative. This court retained the discretion to sentence petitioner to less than the findings found in the PSR. In addition, there were other mitigating circumstances, such as petitioner's obligation to his children, petitioner's family testifying on his behalf, petitioner's minor role in the conspiracy, the invalid state priors used in classifying petitioner as a career offender, and the fact that the guidelines were advisory. A zealous advocate would have made it there [sic] business to raise an argument for lenience. In light of petitioner's counsel coercin [sic] and threats to petitioner about not bringing this conflict to the court's attention, arguing zealously for mitigation at sentencing was not only a viable alternative for an attorney but an advisable one. Petitioner had much to gain and very little to loose [sic] had his attorney put forth an argument for a lower sentence. Given the possibility of leniency and the existence of arguably mitigating factors, clearly such argument would have been a viable alternative for petitioner's attorney.

As for the second prong test for adverse effect, counsel refrained from making _any_ arguments for leniency because of the actual conflict of interest - has been met. Given this abdication of counsel's role as an advocate, when this court had the discretion to impose a lower sentence and arguable grounds for leniency existed, petitioner has shown that an actual conflict of interest adversely affected his attorney's performance, in violation of his Sixth Amendment right to effective assistance of counsel.

> Petitioner requests an evidentiary hearing on this matter because he has alleged sworn facts, via his declaration that, if proven, would entitle him to the relief he seeks, and that is to be resentenced before this Honorable Court.

(§ 2255 Motion, pp. 7-10).

Upon consideration, the Court holds it need not consider whether Movant's counsel's performance was deficient, as Movant fails to demonstrate the requisite prejudice; in other words, he fails to establish that absent his counsel's alleged error, he would have insisted on proceeding to trial. Again, Movant asserts he would have received a "significantly less" sentence than the sentence he received, but he does not allege he would have opted to proceed to trial. Additionally, as noted above, during the guilty plea proceeding, the Court questioned Movant extensively regarding his decision to plead guilty and his satisfaction with his counsel. Movant's own testimony demonstrates he committed the offense at issue, voluntarily pled guilty, and received effective assistance of counsel. Movant thus fails to demonstrate the results of his proceeding would have been different absent counsel's alleged error, Strickland, 466 U.S. at 694, and Ground 2 of his § 2255 Motion must be denied.

### C. Ground 3

In his Motion to Supplement, Movant maintains he was denied effective assistance of counsel in violation of the Sixth Amendment in that counsel failed to object to the use of Movant's prior state convictions under a recent Supreme Court decision invalidating the use of such convictions to determine career offender status. (Motion to Supplement, pp. 3-8). Specifically, Movant alleges as follows:

> In *Lopez v. Gonzales*, 549 U.S. 47, 127 S. Ct. 625, 629, 166 L. Ed. 2d 462 (2006), the Supreme Court held that conduct that constitutes a felony under state law, but which would not constitute a felony under the federal Controlled Substance Act, could not be used as a prior felony conviction to enhance a defendant's federal sentence. See, 127 S. Ct. 632-33.

After Petitioner, pled guilty, a PSR was prepared in the interim.  At no time whatsoever did counsel filed ***any*** objections to the PSR.  ***Lopez*** was decided on December 5, 2006, about two years before Petitioner's sentencing.  Had counsel conducted any investigations into then-controlling law in the Supreme Court (via ***Lopez***) and in the Eighth Circuit, there is a reasonable probability that the results of the proceedings would have been different because Petitioner would have received a significant lower sentence then [sic] the one he received.

In ***United States v. Samuels***, 543 F.3d 1013 (8th Cir. 2008), ***Samuels*** argued that his state-law possession offenses would be misdemeanors, not felonies under federal law and in light of ***Lopez***, the district court erred in sentencing him to a statutory mandatory life sentence.  The Eighth Circuit held because the district court sentenced ***Samuels*** to life in prison via prior felony drug offense, as required by § 841(b)(1)(A), not as a career offender under the Guidelines, ***Lopez*** was inapplicable.  ***Samuels***, 543 F.3d at 1021.  Moreover, ***Lopez*** was decided on December 5, 2006.  After ***Lopez***, this changed and/or altered the procedures of how federal courts apply the Career Offender enhancement under 4B1.1.  The background commentary to § 4B1.1, however, explains that this section "implements the mandate" of 28 U.S.C. § 994(h).

It appears that the Guidelines and accompanying commentary has [sic] been clear in attempting to limit significantly the type of drug offenses that can be used to classify a defendant as a career offender.  These listed offenses are **all** 'drug trafficking crimes.'

In addition, for the purposes of § 4B1.2(2), the crimes the CSA defines as "felonies" are those crimes to which it assigns a punishment exceeding one years' [sic] imprisonment.  Although for its own purposes, the CSA defines the term "felony" standing alone as "any Federal or State offense classified by applicable Federal or State law as a felony."  21 U.S.C. § 802(13).  That definition does not apply here: § 924(c)(2) refers to a felony "punishable under the [CSA]," not to conduct punishable under some other law but defined as a felony by the CSA.  *Id*. at 166 L. Ed. 2d n. 7.

Petitioner was in possession of 10 grams of cannabis (in each separate case).  The Supreme Court has suggested that such an offense does not qualify as "trafficking" because it does not involve "some sort of commercial dealing.  ***Lopez***, 188 L. Ed. 2d at 471. (noting that federal law considers "trafficking offenses as felonies" and citing 21 U.S.C. 841); cf. 18 U.S.C. § 924(c)(2) (defining "drug trafficking crime," for that statutory section, to mean any felony punishable under the CSA, 21 U.S.C. § 801 et seq.).  Moreover, had these offenses been charged federally, there is no doubt that they would have been classified as federal misdemeanors pursuant to 21 U.S.C. § 841(b)(4).

...

> Petitioner's attorney did not provide objectively reasonable assistance. An objectively reasonable attorney, keeping abreast of legal developments related to her case, as she should, would have discovered ***Lopez*** and would have noticed that ***Lopez*** squarely addressed an issue exactly on point (career offender) in Petitioner's case. Regardless of the standard of review which would have been employed, Petitioner's counsel, by failing to cite direct controlling precedent, rendered deficient assistance.
>
> ...
>
> Based upon the aforementioned facts in conjunction with applicable case laws that are on point, Petitioner contends that he has made a prima facie showing that counsel's failure to object to Petitioner's PSR and raise the ***Lopez*** argument was deficient and Petitioner was prejudiced by counsel's performance because, but for counsel's actions, the results of the proceedings would have been different because Petitioner would have received a significantly lesser sentence. For example, had Petitioner not been deemed a career offender, he would have faced an advisory guideline sentence of criminal history category of IV 100-125 (after 3-point acceptance of responsibility).

(Motion to Supplement, pp. 3-7) (footnotes and citations omitted).

Upon consideration, the Court finds that Movant's first ground for relief fails both prongs of the Strickland test. The Sentencing Guidelines in effect at the time of Movant's sentencing defined a "career offender" as follows:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S. SENTENCING GUIDELINES MANUAL § 4B1.1(a) (2007). Movant challenges his career offender status based solely on the classification of his prior convictions as felonies under the Controlled Substances Act. As noted above, the Sentencing Guidelines define "controlled substance offense" as follows:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

Id. § 4B1.2(b).

As noted in Ms. Smith's Affidavit, Movant "was enhanced to a Career Offender based on two Illinois state convictions for delivery of cannabis and one federal conviction for possession with intent, one more conviction more than necessary for the Career Offender status." (Government's Response, Ex. A, ¶ 2). As stated previously, the two Illinois state convictions were for "delivery of cannabis" and "unlawful delivery of cannabis." Movant acknowledges that federal law considers "trafficking offenses as felonies" under Lopez v. Gonzales, 549 U.S. 47 (2006), but disputes that his state convictions constitute "trafficking."

The Court has already determined that Movant's two prior state convictions for "delivery of cannabis" and "unlawful delivery of cannabis" constitute CSOs under the Sentencing Guidelines. Accordingly, Movant did have at least "two prior felony convictions" under § 4B1.2(c), and Movant did qualify as a career offender under § 4B1.1(a). Under these circumstances, the Court finds Movant's trial counsel's actions fell within the "wide range of professionally competent assistance" sanctioned by Strickland. Counsel cannot be deemed ineffective for failing to make a meritless objection. Scarberry v. Iowa, 430 F.3d 956, 959 (8th Cir. 2005); Rodriguez v. United States, 17 F.3d 225, 226 (8th Cir. 1994) (per curiam). Thus, Movant's counsel's performance was not constitutionally deficient.

Movant also fails to establish that absent his counsel's alleged error, he would have insisted on proceeding to trial. Again, Movant asserts he would have received a "significantly less" sentence than the sentence he received, but he does not allege he would have opted to proceed to trial. Additionally, as noted above, the Court questioned Movant extensively regarding his decision to plead guilty and his satisfaction with his counsel. Movant's own testimony demonstrates he committed the offense at issue, voluntarily pled guilty, and received effective assistance of counsel. Movant thus fails to demonstrate the results of his proceeding would have been different absent

counsel's alleged error, Strickland, 466 U.S. at 694, and Ground 3 of his § 2255 Motion must be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion to Amend Pursuant to Federal Rules of Civil Procedure § 15(a)(1)(A) (ECF No. 3) is **DENIED**.

**IT IS FURTHER ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF. No. 1) is **DENIED,** and Movant's claims are **DISMISSED** with prejudice. An Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

Dated this 24th day of September, 2012.

        /s/Jean C. Hamilton
        UNITED STATES DISTRICT JUDGE